PER CURIAM.
The respondent member of The Florida Bar has filed a motion to quash and dismiss a notice of hearing directed to him by the Fourth Judicial Circuit Grievance Committee “B”, which notice advises him that the committee will sit at 10:30 o’clock, a. m., October 6, 1964 at 1615 American Heritage Life Building, Jacksonville, Florida, for the purpose of investigating certain charges designated in said notice directed against him as a member of The Florida Bar and advising him that he had the right to appear at said hearing either in person or by counsel or by furnishing a written statement or by all of said procedures. Said notice further advised him that he may then and there explain, refute or admit the above charges against him and that said hearing is to be held pursuant to the authority of the Integration Rule of The Florida Bar, 31 F.S.A., and particularly Article XI thereof. Said notice concluded with the statement “Upon your failure to attend said hearing, these proceedings will be conducted in your absence.”
The motion to quash and dismiss as a basis for relief avers that said Grievance Committee is about to conduct said investigation for the purposes, and in discharge of the functions prescribed by Rule 11.04(1) (a), which combines in said committee and its members as an agency of the Supreme Court of Florida the functions of prosecutor, judge and jury on misconduct charges laid or preferred against the movant, in violation and contravention of Section 1 of the 14th Amendment to the Constitution of the United States, and Section 12 of the Declaration of Rights of the Constitution *449 of Florida, F.S.A.; that said Article XI "except Rule-11,14 and 11.15 thereof” violates and contravenes Section 1 of Article V of the Constitution of Florida, which vests the judicial power of the State of Florida in the Supreme Court, and certain specified courts, and does not provide for nor vest any part of the judicial power of the State of Florida in any of the disciplinary agencies of the Supreme Court of Florida created by Rule 11.03 of said Article XI, and does not authorize the Supreme Court of Florida to delegate to any agency its judicial power, and to relegate the Supreme Court to the exercise of an appellate jurisdiction prescribed by Rule 11.11 of said Integration Rule to review judgments authorized by Rule 11.06, and particularly Rule 11.06(9) or Rule 11.08 entered by agencies created by Rule 11.03. The motion further avers that Article XI of the Integration Rule, except Rule 11.14 and Rule 11.15 thereof, contravenes and violates Section 1 of the 14th Amendment to the Constitution of the United States, and Section 4, and Section 12 of the Declaration of Rights of the Constitution of Florida for the reason that said rule abridges the privileges and immunities of respondent as a citizen of the United States by depriving him of the right to trial and judgment before the courts of Florida and vests jurisdiction in committees of lawyers to investigate, initiate prosecutions, and act as prosecutor, judge and jury in proceedings against respondent as an attorney.
The notice under attack relates only to the investigation of the conduct of the respondent, a member of The Florida Bar, pursuant to authority vested in said committee by this Court pursuant to its power under Article V of the Florida Constitution. There can be no doubt of the power of this Court to authorize such investigations for the purpose of determining whether formal charges shall be made against the respondent. If there is any merit to the movant’s contention concerning the validity of the procedures prescribed by the Integration Rule for 'disciplining members of The Bar — a question which we do not here decide — it is premature. The' motion to quash and dismiss is hereby denied.
It is so ordered.
DREW, C. J., and THORNAL, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.