**Carl G. SWANSON, Appellant,**

v.

**THE FLORIDA BAR et al., Appellees.**

No. 24193.

United States Court of Appeals
Fifth Circuit.

June 13, 1967.

Will O. Murrell, Jacksonville, Fla., for appellant.

William H. Adams, III, Jacksonville, Fla., for appellees.

Before TUTTLE, Chief Judge, and WASHINGTON * and SIMPSON, Circuit Judges.

PER CURIAM:

We conclude that in this suit to invalidate the so-called "Integration Rule" of the Florida Supreme Court, 31 F.S.A. and particularly those provisions dealing with the procedures for the disciplining of members of the bar, there is no substantial federal constitutional question presented, therefore the single-judge district court had the power to dispose of the complaint.

In light of the fact that there is no merit in the contention that the Integration Rule violates appellant's 14th Amendment rights on its face, we agree with the Florida Supreme Court which, in denying a motion to quash the disci-

---

* Senior Circuit Judge of the D. C. Circuit, sitting by designation.

plinary proceedings, giving rise to this suit said:

"There can be no doubt of the power of this Court to authorize such investigations for the purpose of determining whether formal charges shall be made against the respondent. If there is any merit to the movant's contention concerning the validity of the procedures prescribed by the Integration Rule for disciplining members of The Bar—a question which we do not here decide—it is premature." State ex rel. The Florida Bar v. Swanson, Fla., 172 So.2d 448, 449.

The absence of any constitutional defect on the face of this Integration Rule warranted the trial court's action in dismissing the complaint.

The judgment is affirmed.